UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TRADEX CO.,

                Plaintiff,

  - against -

FALCON SHIPPING PTE LTD. a/k/a FALCON
SHIPPING LTD.,

                Defendant.
----------------------------------------X

JUDGE PRESKA

07 CIV 9822

07 CV _____

ECF CASE

RECEIVED
NOV 0 8 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, TRADEX CO. (hereinafter "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, FALCON SHIPPING PTE LTD. a/k/a FALCON SHIPPING LTD. (hereinafter "Defendant"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with an address in Sierra Leone.

3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law and was at all material times the owner of the motor vessel "ZARA III" (hereinafter the "Vessel").

4.    At all material times Plaintiff was the owner of a cargo of bagged rice loaded on board the M/V ZARA III at Ho Chi Min City, Vietnam, for a voyage and ultimate discharge at Freetown, Sierra Leone.

5. Pursuant to a charter party dated April 27, 2007, Defendant chartered the Vessel to non-party, Hyram Maritime S.A.L.

6. Plaintiff's rice cargo was loaded on board the vessel at Ho Chi Minh City and 11 bills of lading were issued by or on behalf of the Defendant, all of which were dated June 6, 2007 and note the cargo was loaded "clean on board."

7. During the course of the voyage, Plaintiff's rice cargo was damaged.

8. Defendant's failure to deliver the rice cargo in the same condition as loaded constituted a breach of the June 6, 2007 bill of lading contracts.

9. As a result of Defendant's breach of the 11 bill of lading contracts, Plaintiff has and will suffer damages in the principle amount of $430,575.13, as best as can now be estimated, exclusive of interest, attorney's fees and litigation costs. *See breakdown of claim annexed hereto as Exhibit "1."*

10. Thus, in due course Plaintiff intends to pursue its claim in a court of competent jurisdiction.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principle damage claim: | $430,575.13 |
| B. | Estimated interest on claims:<br>Approx. 2 years at 7%, compounded quarterly | $64,172.54 |
| C. | Estimated attorneys' fees and litigations costs: | $65,000.00 |
| Total | | $559,747.67 |

12. The Defendant cannot be found within this District within the meaning of

2

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and/or also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That pursuant to 9 U.S.C. §§ 201 et. seq. and/or the principles of comity, this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

C. In the alternative, that the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims,

and/or also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of $559,747.67 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

E. That this Court recognize and confirm any award or judgment rendered on the claims had herein as a Judgment of this Court;

F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

H. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: November 6, 2007
New York, NY

The Plaintiff,
TRADEX CO.

By: *[signature]*
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL 2162)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    November 6, 2007
          New York, NY

_____
Nancy R. Peterson

EXHIBIT "1"

M/V ZARA XXI
16,500.00 MT of rice

PORT OF FREETOWN
25Kgs bagged rice

|         | MT     | allowance | TOTAL/MT | CIF Value | TOTAL/USD  |
|---------|--------|-----------|----------|-----------|------------|
| missing | 4 213  | 100,00%   | 106,33   | 416,09    | 43 824,68  |
| torn    | 3 895  | 60,00%    | 58,43    | 416,09    | 24 310,06  |
| wet     | 27 801 | 100,00%   | 698,03   | 416,09    | 289 192,95 |
| LOB     | 177    | 100,00%   | 4,43     | 416,09    | 1 841,20   |
| Empty   | 1 119  | 100,00%   | 27,98    | 416,09    | 11 640,12  |
| total   | 37 205 |           | 891,18   |           | 370 809,01 |

50Kgs bagged rice

|         | bags  | allowance | TOTAL/MT | CIF Value | TOTAL/USD |
|---------|-------|-----------|----------|-----------|-----------|
| missing | 1 221 | 100,00%   | 61,05    | 416,09    | 25 402,29 |
| torn    | 2 739 | 25,00%    | 34,24    | 416,09    | 14 245,88 |
| caked   | 1 035 | 60,00%    | 31,05    | 416,09    | 12 919,59 |
| empty   | 315   | 100,00%   | 15,75    | 416,09    | 6 553,42  |
| LOB     | 31    | 100,00%   | 1,55     | 416,09    | 644,94    |
| total   | 5 341 |           | 143,64   |           | 59 766,13 |

TOTAL                                    USD    430 575,13
   30,00% COST & FEES                    USD    559 747,67